**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RYAN MASCHHOFF, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>POLISHED.COM INC. F/K/A 1847 GOEDEKER INC., DOUGLAS T. MOORE, ROBERT D. BARRY, ALBERT FOUERTI, MARIA JOHNSON, ELLERY W. ROBERTS, THINKEQUITY, A DIVISION OF FORDHAM FINANCIAL MANAGEMENT, INC., AEGIS CAPITAL CORP., and SPARTAN CAPITAL SECURITIES, LLC,<br><br>      Defendants. | Case No.: 1:22-cv-06606-NGG-VMS<br><br>Hon. Nicholas G. Garaufis |

**MEMORANDUM OF LAW IN SUPPORT OF ANTHONY PORRARO'S**
**MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**<u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.     FACTUAL BACKGROUND ............................................................................... 2

II.    PROCEDURAL HISTORY ............................................................................... 5

III.   ARGUMENT ..................................................................................................... 5

    A.   Appointing Movant as Lead Plaintiff Is Appropriate ...................................... 5

        1.   Movant Filed a Timely Motion. ............................................................ 6

        2.   Movant Has the Largest Financial Interest in the Relief Sought. ............... 7

        3.   Movant Satisfies the Relevant Requirements of Rule 23. .......................... 8

            a.   Movant's Claims Are Typical. ........................................................... 8

            b.   Movant Is An Adequate Representative. ............................................. 9

    B.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ................................... 10

IV.   CONCLUSION ................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
   324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................ 6, 7

*In re Cendant Corp.*,
   264 F.3d 201 (3d Cir. 2001)................................................................................ 10

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
   269 F.R.D. 291 (S.D.N.Y. 2010) .......................................................................... 9

*In re Coinbase Global Securities Litigation,*
   No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ........................... 10

*Daniels Family 2001 v. Las Vegas Sands Corp.,*
   Case No. 2:20-cv-01958-GMN-EJY, 2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021).... 11

*Deinnocentis v. Dropbox, Inc.,*
   Case No. 19-cv-06348-BLF, 2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020).......... 11

*Ford v. VOXX Int'l Corp.,*
   No. 14-cv-4183-JS-AYS, 2015 WL 4393798 (E.D.N.Y. Apr. 13, 2015)................................ 8

*In re Gentiva Sec. Litig.,*
   281 F.R.D. 108 (E.D.N.Y. 2012) ........................................................................... 8

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
   No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) ................ 8

*Malriat v. Quantumscape Corp.*,
   Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO, 2021 U.S. Dist.
   LEXIS 76914 (N.D. Cal. April 20, 2021).................................................................. 11

*Snyder v. Baozun Inc.,*
   Nos. 1:19-cv-11290 (ALC); 1:19-cv-11812 (ALC), 2020 U.S. Dist. LEXIS 163967
   (S.D.N.Y. Sept. 8, 2020)....................................................................................... 11

*Sofran v. Labranche & Co.*,
   220 F.R.D. 398 (S.D.N.Y. 2004) .......................................................................... 6

*Subramanian v. Watford, et. al.*,
   Civil Action No. 20-cv-02652-CMA-STV, 2021 U.S. Dist. LEXIS 81823 (D. Colo. April
   29, 2021) ........................................................................................................... 10

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
   No. 10-cv-00864-SLT, 2011 WL 3511057 (E.D.N.Y. May 31, 2011) ................................... 9

*White Pine Invs. v. CVR Ref.*,
    Case No. 20 Civ. 2863 (AT), 2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021) ............ 11

*White v. Nano-X Imaging LTD, et al.*,
    Nos. 20-CV-4355 (WFK)(MMH), 20-CV-4528 (RRM)(MMH), 2022 U.S. Dist. LEXIS
    143105 (E.D.N.Y. Aug. 10, 2022)..................................................................................... 10

**Statutes**

15 U.S.C. § 77z-1...............................................................................................*passim*

15 U.S.C. § 78u-4 ..............................................................................................*passim*

**Rules**

FED. R. CIV. P. 23 ........................................................................................... 1, 6, 8

Anthony Porraro ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as lead plaintiff and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 27 of the Securities Act of 1933 ("Securities Act") and Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of persons or entities who purchased or otherwise acquired publicly traded Polished.com Inc. f/k/a 1847 Goedeker Inc. ("Polished," "Goedeker," or the "Company") securities (1) pursuant and/or traceable to the registration statement and related prospectus (collectively, the "Registration Statement") issued in connection with the Company's 2020 initial public offering (the "IPO" or "Offering"); and/or (2) between July 27, 2020 and August 25, 2022, inclusive (the "Class Period"), concerning claims under Sections 11, 12(a)(2) and 15 of the Securities Act (15 U.S.C. §§77k, 77l(a)(2) and 77o), and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5), against Defendants Polished, Douglas T. Moore ("Moore"), Robert D. Barry ("Barry"), Albert Fouerti ("Fouerti"), Maria Johnson ("Johnson"), Ellery W. Roberts ("Roberts"), ThinkEquity, a division of Fordham Financial Management, Inc. ("ThinkEquity"), Aegis Capital Corp. ("Aegis Capital"), and Spartan Capital Securities, LLC ("Spartan Capital"), (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the

"most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.     FACTUAL BACKGROUND[1]

Polished purports to sell furniture, fitness equipment, plumbing fixtures, televisions, outdoor appliances, and patio furniture, as well as commercial appliances for builder and business clients as a content-driven and technology-enabled shopping destination for appliances, furniture and home goods. ¶ 10.

On April 22, 2020, the Company filed with the SEC a registration statement on Form S-1, which in combination with subsequent amendments on Forms S-1/A and filed pursuant to Rule 424(b)(4), are collectively referred to as the IPO Registration Statement and issued in connection with the IPO. ¶ 32. Polished filed with the SEC on August 3, 2020 the final prospectus for the IPO on Form 424B4, which forms part of the IPO Registration Statement. ¶ 33. In the IPO, the Company sold 1,111,200 shares at $9.00 per share. *Id.*

The statements contained in ¶¶ 35-38 of the *Maschhoff* Complaint were materially false

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Maschhoff* Complaint") filed in the action styled *Maschhoff v. Polished.com Inc. f/k/a 1847 Goedeker Inc., et. al.,* Case No. 1:22-cv-06606-NGG-VMS (the "*Maschhoff* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Maschhoff* Complaint. The facts set forth in the *Maschhoff* Complaint are incorporated herein by reference.

and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. ¶ 39. Specifically, the Registration Statement was false and/or misleading and/or failed to disclose that: (1) the Company would restate certain financials; (2) the Company's internal controls were inadequate; (3) the Company downplayed and obfuscated its internal controls issues; (4) as a result, the Company would engage in an independent investigation; (5) as a result of the investigation, the Company would, among other things, retain independent counsel and consultants, and delay its quarterly filings in violation of NYSE requirements of listing; (6) following the commencement of the investigation, the Company's CEO and CFO would leave the Company; and (7) as a result, Defendants' public statements were materially false and/or misleading at all relevant times. *Id.*

After market hours on March 29, 2021, the Company filed with the SEC a current report on Form 8-K ("Restatement 8-K"). ¶ 40. Notably, in the Restatement 8-K, Polished focused blame of the restatement on "the Supreme Court's 2018 decision in South Dakota v. Wayfair, Inc." instead of its ineffective and inadequate internal controls. ¶ 41.

In response to this news, the Company's stock price declined 4%, or $0.37 per share, to close on March 30, 2021 at $8.63 per share. ¶ 42.

Then after market hours on August 15, 2022, Polished notified investors that it would not timely file its "quarterly report on Form 10-Q for the period ended June 30, 2022 ('Second Quarter 10-Q') within the prescribed time period" because the Company required additional time to complete a newly announced investigation. ¶ 55. To announce these issues, Polished filed with the SEC a Form 12b-25 and a current report on Form 8-K, and also issued a press release. *Id.*

The press release issued August 15, 2022 is entitled "Polished.com Provides Second

3

Quarter 2022 Financial and Operational Update" and discussed, in pertinent part, the Company's inability to timely file its quarterly report and the newly announced investigation. ¶ 57.

In response to these disclosures, Polished's stock price plummeted 35% on August 16, 2022 to close at $0.97 per share, on unusually heavy trading volume, damaging investors. ¶ 58.

After market hours on August 25, 2022, the Company's current report on Form 8-K was accepted by the SEC which announced that the Company was no longer in compliance with NYSE American rules due to the Company failing to timely file its quarterly report, received notice from the NYSE that it was no longer in compliance with NYSE American rules, and that the Company was automatically given an extension until February 23, 2023 to regain compliance. ¶ 59.

Also after market hours on August 25, 2022, the Company issued a press release entitled "Polished.com Provides Corporate Updates; Engages Leading Strategic Consulting Firm and Receives New York Stock Exchange Notice Regarding Late Form 10-Q Filing" which announced the NYSE notice and also announced that the Company had engaged "a leading strategic consulting firm with retail and ecommerce operations expertise to augment its existing management, identify opportunities to accelerate long-term profitable growth and, separately, to potentially expedite the Audit Committee of the Board of Directors' ongoing investigation." ¶ 60.

On this news, the Company's stock price dropped 7% to close on August 26, 2022 at $0.74 per share, further damaging investors. ¶ 61.

Since the IPO, and as a result of the disclosure of material adverse facts omitted from the Company's Registration Statement, Polished's share price has fallen significantly below its IPO price, damaging Plaintiff and Class members. ¶ 64. On October 26, 2022, the Company's share price closed at $0.55 per share, representing a 93% decline from the IPO price of $9.00 per share. *Id.*

4

## II.     PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Maschhoff* Action against the Defendants. Plaintiff Ryan Maschhoff ("Maschhoff") commenced the first-filed action on October 31, 2022. On that same day, counsel acting on Maschhoff's behalf published a notice on *PRNewswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

## III.     ARGUMENT

### A.     Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or

> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $36,907.22 pursuant to the Exchange Act, and $36,120.93 pursuant to the Securities Act, as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Charts, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.   Movant Filed a Timely Motion.

On October 31, 2022, pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i) and 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Maschhoff published the Press Release on *PRNewswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Polished securities that they had 60 days from the publication of the October 31, 2022 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004) (finding that a notice published on *PRNewswire* satisfied Rule 23).

Movant timely filed his motion within the 60-day period following publication of the October 31, 2022 Press Release and submitted herewith a sworn certification attaching his transactions in Polished securities and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

**2.      Movant Has the Largest Financial Interest in the Relief Sought.**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Polished securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $36,907.22 pursuant to the Exchange Act and $36,120.93 pursuant to the Securities Act. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.    Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 WL 4393798, at *3 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at *6.

### a.    Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-13 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Polished's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Polished securities pursuant and/or traceable to the IPO and/or during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.      Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for 10 years. He resides in Seekonk, Massachusetts and is currently employed as a maser plumber and pipefitter at the Miriam Hospital in Providence, Rhode Island. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* Apton Decl., Ex. D,

9

Movant's Declaration in support of his motion. Accordingly, Movant meets the adequacy requirement of Rule 23.

### B.  Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v) and 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., White v. Nano-X Imaging LTD, et al.*, Nos. 20-CV-4355 (WFK)(MMH), 20-CV-4528 (RRM)(MMH), 2022 U.S. Dist. LEXIS 143105, at *15 (E.D.N.Y. Aug. 10, 2022) (appointing Levi & Korsinsky noting the firm "has demonstrated that it is qualified and has substantial experience litigating securities fraud cases and serving as lead counsel); *In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, Civil Action No. 20-cv-02652-CMA-STV, 2021 U.S. Dist. LEXIS 81823, at *10-11 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO;

10

3:21-cv-00150-WHO, 2021 U.S. Dist. LEXIS 76914, at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* Case No. 2:20-cv-01958-GMN-EJY, 2021 U.S. Dist. LEXIS 974, at *7 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* Case No. 20 Civ. 2863 (AT), 2021 U.S. Dist. LEXIS 1199, at *9 (S.D.N.Y. Jan. 5, 2021) (appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"); *Deinnocentis v. Dropbox, Inc.,* Case No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* Nos. 1:19-cv-11290 (ALC); 1:19-cv-11812 (ALC), 2020 U.S. Dist. LEXIS 163967, at *10-11 (S.D.N.Y. Sept. 8, 2020) (appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations"). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

*[Signature on Following Page]*

Dated: December 30, 2022

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Anthony Porraro and*
*[Proposed] Lead Counsel for the Class*