**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RYAN MASCHHOFF, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>POLISHED.COM INC. F/K/A 1847 GOEDEKER INC., DOUGLAS T. MOORE, ROBERT D. BARRY, ALBERT FOUERTI, MARIA JOHNSON, ELLERY W. ROBERTS, THINKEQUITY, A DIVISION OF FORDHAM FINANCIAL MANAGEMENT, INC., AEGIS CAPITAL CORP., and SPARTAN CAPITAL SECURITIES, LLC,<br><br>     Defendants. | **CASE No.: 1:22-cv-06606-NGG-VMS**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF EDEN ALPHA C.I., L.P. TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br><u>**CLASS ACTION**</u> |

Plaintiff Eden Alpha C.I., L.P. ("Movant" or "Eden Alpha") respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of the securities of Polished.com Inc. f/k/a 1847 Goedeker Inc. ("Polished," "Goedeker," or the "Company"): (i) pursuant and/or traceable to the registration statement and related prospectus issued in connection with the Company's 2020 initial public offering (the "IPO" or "Offering"); and/or (ii) between July 27, 2020 and August 25, 2022, both dates inclusive (the "Class Period"); and

(b)    approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On October 31, 2022, this action was filed asserting claims under the Securities Act and the Exchange Act against Polished.com f/k/a 1847 Goedeker Inc., Douglas T. Moore, Robert D. Barry, Albert Fouerti, Maria Johnson, Ellery W. Roberts, ThinkEquity a division of Fordham Financial Management, Aegis Capital Corp., and Spartan Capital Securities, LLC ("Defendants"). That same day, an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff, was issued. *See* Ex. 1 hereto.

Polished purports to sell furniture, fitness equipment, plumbing fixtures, televisions, outdoor appliances, and patio furniture, as well as commercial appliances for builder and business clients as a content-driven and technology-enabled shopping destination for appliances, furniture and home goods. The complaint alleges that the registration statement

supporting the IPO was false and/or misleading and/or failed to disclose that: (1) the Company would restate certain financials; (2) the Company's internal controls were inadequate; (3) the Company downplayed and obfuscated its internal controls issues; (4) as a result, the Company would engage in an independent investigation; (5) as a result of the investigation, the Company would, among other things, retain independent counsel and consultants, and delay its quarterly filings in violation of NYSE requirements of listing; (6) following the commencement of the investigation, the Company's CEO and CFO would leave the Company; and (7) as a result, defendants' public statements were materially false and/or misleading at all relevant times.

Also according to the lawsuit, Defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (1) the Company's internal controls were inadequate; (2) the Company downplayed and obfuscated its internal controls issues; (3) the Company did not properly construct or remediate its inadequate and ineffective internal controls; (4) contrary to the Company's statements, the Company was not remediating its internal controls; (5) as a result, the Company would engage in an independent investigation; (6) as a result of the investigation, the Company would, among other things, retain independent counsel and consultants, and delay its quarterly filings in violation of NYSE requirements of listing; (7) following the commencement of the investigation, the Company's CEO and CFO would leave the Company; and (8) as a result, defendants' public statements were materially false and/or misleading at all relevant times.

Then on March 29, 2021, after market hours, the Company filed with the SEC a current report on Form 8-K ("Restatement 8-K") which announced, among other things, that "On March 26, 2021, the Board of Directors of 1847 Goedeker Inc. (the "Company"), upon recommendation of the Audit Committee and following discussions with management,

3

determined that the following previously issued financial statements should no longer be relied upon: … the Company's financial statements for the year ended December 31, 2019; …" Notably, in the Restatement 8-K, the Company focused blame of the restatement on "the Supreme Court's 2018 decision in *South Dakota v. Wayfair, Inc*." instead of its ineffective and inadequate internal controls. On this news, the Company's stock price fell $0.37 per share, or 4%, to close at $8.63 per share on March 30, 2021.

Then on August 15, 2022, after market hours, Polished notified investors that it would not timely file its "quarterly report on Form 10-Q for the period ended June 30, 2022 ('Second Quarter 10-Q') within the prescribed time period" because the Company required additional time to complete a newly announced investigation. On this news, Polished's stock price fell 35% to close at $0.97 per share on August 16, 2022, on unusually heavy trading volume, damaging investors.

Then on August 25, 2022, after market hours, the Company issued a press release entitled "Polished.com Provides Corporate Updates; Engages Leading Strategic Consulting Firm and Receives New York Stock Exchange Notice Regarding Late Form 10-Q Filing" which announced the NYSE notice that it was no longer in compliance with NYSE American rules and also announced that the Company had engaged "a leading strategic consulting firm with retail and ecommerce operations expertise to augment its existing management, identify opportunities to accelerate long-term profitable growth and, separately, to potentially expedite the Audit Committee of the Board of Directors' ongoing investigation." On this news, the Company's stock price fell 7% to close at $0.74 per share on August 26, 2022, further damaging investors.

On October 18, 2022, the Company issued a press release entitled "Polished.com Announces Management Transition" which announced that Defendants Fouerti and Johnson

4

and also the Company's Chief Operating Officer, Elie Fouerti, resigned from their roles at the Company effective October 14, 2022.

Since the IPO, and as a result of the disclosure of material adverse facts omitted from the Company's Registration Statement, Polished's share price has fallen significantly below its IPO price, damaging Plaintiff and Class members. On October 26, 2022, the Company's share price closed at $0.55 per share, representing a 93% decline from the IPO price of $9.00 per share. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B), 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii), 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $1,051,638 in connection with purchases of Company securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

losses in Company securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

**1. Movant's Claims are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the federal securities laws by issuing false and misleading statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

## 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Company securities and is, therefore, extremely motivated to pursue claims in this action.

## D.  Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).

8

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class.

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely movant and should be appointed Lead Plaintiff.

Further, Eden Alpha is a sophisticated institutional investor. It is incorporated in Israel. Yaniv Uliel, the signatory of Eden Alpha's certification, is authorized to bind and will be the contact person for Eden Alpha in this litigation and resides in Singapore. Mr. Uliel is an experienced businessman and is currently a managing partner and portfolio manager. Mr. Uliel holds a Master of Business Administration degree and has 14 years of investing experience.

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history of bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities

fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order; (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: December 30, 2022     Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Movant*

10

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim

12