**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN MASCHHOFF, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> POLISHED.COM INC. F/K/A 1847 GOEDEKER INC., DOUGLAS T. MOORE, ROBERT D. BARRY, ALBERT FOUERTI, MARIA JOHNSON, ELLERY W. ROBERTS, THINKEQUITY, A DIVISION OF FORDHAM FINANCIAL MANAGEMENT, INC., AEGIS CAPITAL CORP., and SPARTAN CAPITAL SECURITIES, LLC, <br><br> Defendants. | **CASE No.: 1:22-cv-06606-NGG-VMS** <br><br> **MEMORANDUM OF LAW OF EDEN ALPHA C.I., L.P. IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** <br><br> **CLASS ACTION** |

1

Lead Plaintiff Movant Eden Alpha C.I., L.P. ("Movant" or "Eden Alpha") respectfully submits this opposition to the pending competing lead plaintiff motions. Dkt. No. 6 and 11.

## BACKGROUND

Three lead plaintiff motions were filed in this Court seeking appointment as lead plaintiff and approval of lead counsel, for the class of all purchasers or acquirers of the securities of Polished.com Inc. f/k/a 1847 Goedeker Inc. ("Polished," "Goedeker," or the "Company"): (i) pursuant and/or traceable to the registration statement and related prospectus issued in connection with the Company's 2020 initial public offering (the "IPO" or "Offering"); and/or (ii) between July 27, 2020 and August 25, 2022, both dates inclusive (the "Class Period").

Of the movants, Eden Alpha clearly has the largest financial interest with $1,051,638 in losses from its transactions in Polished securities. Dkt. No. 10-3. The competing movants, Ari Gold with a claimed loss of $901,231 (Dkt. No. 11-4), and Anthony Porraro with a claimed loss of $36,907 (Dkt. No. 8-2), each have substantially smaller financial interests than Eden Alpha.

Because Eden Alpha has the largest financial interest in this action and also *prima facie* satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that Eden Alpha is presumed to be the "most adequate plaintiff" and, therefore, should be appointed lead plaintiff on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## ARGUMENT

## I.    EDEN ALPHA SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA provides that there is a "rebuttable presumption … that the most adequate plaintiff … is the person or group of persons … that … has the largest financial interest in the relief sought by the class." *See* 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(I). Here, Eden Alpha suffered the

largest loss of any movant. Courts across the country recognize this factor as the most significant factor to be considered. *See, e.g.*, *In re Comverse Tech., Inc. Sec. Litig.*, 2007 WL 680779, at \*3 (E.D.N.Y. Mar. 2, 2007), *adhered to on reconsideration,* 2008 WL 820015 (E.D.N.Y. Mar. 25, 2008) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period, to be most influential in identifying the plaintiff with the largest financial interest."); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Indeed, Eden Alpha has the largest loss and thus, the greatest financial interest of the movants:

| Movant(s) | Loss | |
|---|---|---|
| 1. Eden Alpha | $1,051,638 | Dkt. No. 10-3 |
| 2. Ari Gold | $901,231 | Dkt. No. 11-4 |
| 3. Anthony Porraro | $36,907 | Dkt. No. 8-2 |

Moreover, as set forth in Movant's opening papers, Eden Alpha has made a *prima facie* showing of its adequacy and typicality. Eden Alpha submitted a certification attesting to its willingness to serve as lead plaintiff. Dkt. No. 10-2. Eden Alpha's claims are also typical of other class members because its claims arise from the same legal theories and same nucleus of fact. Eden Alpha's interests are aligned with the interests of the other class members as it has the same incentive to prove Defendants' misconduct. Yaniv Uliel, the signatory of Eden Alpha's certification is a resident of Singapore and has 14 years of investing experience. Dkt. No. 10 at 9. Mr. Uliel holds an MBA, is an experienced businessman, and is currently a managing partner

and portfolio manager. *Id*. There are no conflicts of interest between Eden Alpha and absent class members. *See id*. at 8.

Further, Eden Alpha is the prototypical lead plaintiff sought by the PSLRA as an institutional investor. As courts routinely recognize, "Congress sought to encourage institutional investors and other class members with large amounts at stake to step forward as the ideal lead plaintiffs in private securities litigation." *Silverberg v Dryships Inc*., 2018 WL 10669653, at *4 (E.D.N.Y. Aug. 21, 2018) (internal quotation marks and citations omitted); *see Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (collecting cases and recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs"); *In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013) (noting the "statutory preference for institutional lead plaintiffs").

In short, because Eden Alpha has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23, it is the presumptive lead plaintiff. As such, Eden Alpha should be appointed lead plaintiff and its selection of Lead Counsel should be approved.

## II.    THE PRESUMPTION IN FAVOR OF EDEN ALPHA HAS NOT BEEN REBUTTED

To overcome the strong presumption entitling Eden Alpha to be appointed Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case and any arguments to the contrary should be flatly rejected. Competing movants may attempt to conjure up speculative arguments to rebut the powerful presumption in favor of Eden Alpha. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff—here Eden Alpha—will not adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Constance Sczesny*

*Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …"); *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere "speculation").

Moreover, although the Court may compare putative lead plaintiff's losses when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted through relative comparison as to adequacy or typicality. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *see also Sofran*, 220 F.R.D. at 402 ("That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirement, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

As Eden Alpha has the largest financial interest and has made a *prima facie* demonstration of its typicality and adequacy, and no movant has rebutted the presumption with proof, Eden Alpha must be appointed Lead Plaintiff.

## III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (aa); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

Eden Alpha has selected The Rosen Law Firm, P.A. as Lead Counsel. The Firm has the

resources and expertise to litigate this action efficiently and aggressively. As the Firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. No. 10-4. Indeed, the Firm is one of the preeminent securities class action law firms in the country. The Firm has served as sole and co-lead counsel in numerous cases around the country has recovered hundreds of millions of dollars for investors. *Id*. In 2019 alone, the ISS Institutional Securities Class Action Services ranked Rosen as the Number 3 securities class action firm both in terms of amount recovered for investors—$438,340,000—and the number of settlements—12.[1] Founding partner, Laurence Rosen was also recognized by Law360 as a Titan of Plaintiffs Bar for 2020.[2]

Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the class will receive excellent legal representation.

## IV.      COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Eden Alpha has the greatest financial interest in the litigation, satisfies the requirements of Rule 23, and should therefore be appointed Lead Plaintiff without further analyses. *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

**CONCLUSION**

For the foregoing reasons, Eden Alpha's motion should be granted in its entirety and competing motions should be denied.

---

[1] https://www.issgovernance.com/file/publications/ISS-SCAS-Top-50-of-2019.pdf. at p. 6-9.
[2] https://www.law360.com/articles/1254748/titan-of-the-plaintiffs-bar-rosen-law-firm-s-laurence-rosen.

Dated: January 13, 2023    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Movant*

7

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim