**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RYAN MASCHHOFF, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> POLISHED.COM INC. F/K/A 1847 GOEDEKER INC., DOUGLAS T. MOORE, ROBERT D. BARRY, ALBERT FOUERTI, MARIA JOHNSON, ELLERY W. ROBERTS, THINKEQUITY, A DIVISION OF FORDHAM FINANCIAL MANAGEMENT, INC., AEGIS CAPITAL CORP., and SPARTAN CAPITAL SECURITIES, LLC, <br><br> Defendants. | **CASE No.: 1:22-cv-06606-NGG-VMS** <br><br> **REPLY MEMORANDUM OF LAW OF EDEN ALPHA C.I., L.P. IN FURTHER SUPPORT OF ITS LEAD PLAINTIFF MOTION** <br><br> **CLASS ACTION** |

1

## INTRODUCTION

Lead Plaintiff Movant Eden Alpha C.I., L.P. ("Movant" or "Eden Alpha") respectfully submits this Reply in Further Support of its Lead Plaintiff Motion. Dkt. No. 9.

Eden Alpha lost over $1,051,638. Dkt. No. 10-3. Only one other movant remains,[1] Ari Gold—with substantially smaller losses of $901,231. *Compare* Dkt. No. 10-3 *with* Dkt. No. 11-4.

Eden Alpha, therefore, has the largest financial interest. Eden Alpha, a sophisticated institutional investor, has made a *prima facie* showing of adequacy and typicality (Dkt. Nos. 9, 10, 10-2, 10-3) and is thus the presumptive Lead Plaintiff under the PSLRA. 15 U.S.C. § 78u–4(a)(3)(B).

Speculation and innuendo are insufficient to rebut the Lead Plaintiff presumption. *See Murphy v. JBS S.A.*, 2017 WL 4480751, at *5 (E.D.N.Y. Oct. 6, 2017) ("'[E]xacting proof' is needed to rebut the presumption.") (citing *In re Facebook, Inc.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012)); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 133 (S.D.N.Y. 2011) ("There is absolutely no proof … and we decline [Gold's] invitation to use our imagination.").

In an effort the rebut the presumption in favor of Eden Alpha, Gold advances two arguments that fall short of the requisite proof to rebut the presumption in favor of Eden Alpha. Gold argues that Eden Alpha is inadequate because it lacks standing on the Securities Act claims and that Eden Alpha's value investing is atypical—both arguments are contrary to law. *See* Dkt. No. 13 at 8-9, 12-19.

It is black letter law that a Lead Plaintiff is not required to have standing to pursue every claim. *See Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004) ("because the PSLRA

---

[1] Anthony Porraro abandoned his Lead Plaintiff and did not oppose Eden Alpha's Lead Plaintiff motion.

mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim") (citing *In re Initial Pub. Offering Sec. Litig.,* 214 F.R.D. 117, 123 (S.D.N.Y. 2002)); *see also Parot v. Clarivate Plc*, 2022 WL 1568735, at *6 (E.D.N.Y. May 18, 2022) ("the Pension Trust Fund has demonstrated typicality despite its lack of standing to bring Securities Act claims … The PSLRA requires courts to appoint the movant with the largest financial stake in the outcome, rather than the party with standing to sue on all claims. As discussed above, the Pension Trust Fund can demonstrate Rule 23 typicality because the losses it suffered are of the same kind, and arise out of the same wrongful acts, as those suffered by other class members.") (citing *Hevesi*, 366 F.3d at 82-83)).

Similarly, value investors are not inadequate or atypical. *See Halliburton Co. v. Erica P. John Fund, Inc*., 573 U.S. 258, 273 (2014) ("*Halliburton II*") ("The value investor also presumably tries to estimate how undervalued or overvalued a particular stock is, and such estimates can be skewed by a market price tainted by fraud.").

## I.     Eden Alpha is the Presumptive Lead Plaintiff

Under the PSLRA, the presumptive Lead Plaintiff is the movant with the largest loss that makes a *prima facie* showing of adequacy and typicality. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

It is undisputed that Eden Alpha has the largest loss, $1,051,638 versus $901,231. Dkt. Nos. 10-3 and 11-4. Thus, Eden Alpha has the largest financial interest. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb).

Eden Alpha has made the requisite *prima facie* showing of adequacy and typicality.[2]

---

[2] *See Darish v. N. Dynasty Mins. Ltd*., 2021 WL 1026567, at *6 (E.D.N.Y. Mar. 17, 2021) (citing *In re Olsten Corp. Sec. Litig*., 3 F. Supp. 2d 286, 296 (E.D.N.Y.), *opinion adhered to on reconsideration sub nom. In re Olsten Corp*., 181 F.R.D. 218 (E.D.N.Y. 1998)); *Lavin v. Virgin Galactic Holdings, Inc*., 2021 WL 5409798, at *7 (E.D.N.Y. Sept. 17, 2021).

Eden Alpha, as explained in its opening papers, is the prototypical institutional investor Lead Plaintiff. *See* Dkt. Nos. 10 at 9 and 12 at 4. Eden Alpha's representative in this case Yaniv Uliel, is an experienced businessman and is a managing partner and portfolio manager. Dkt. No. 10 at 9. Mr. Uliel holds a Master of Business Administration degree and has 14 years of investing experience. *Id*. Therefore, Eden Alpha has met the "low burden"[3] of demonstrating its adequacy and typicality and is the presumptive Lead Plaintiff. *See Salinger v. Sarepta Therapeutics, Inc.*, 2019 WL 6873807, at *4 (S.D.N.Y. Dec. 17, 2019) (*prima facie* burden met by retaining counsel that is "qualified, experienced, and generally able to conduct the litigation in question," having a "sufficient interest" in the lawsuit large enough to "ensure vigorous advocacy," and presenting no evidence of "claims that conflict with the class").

## II.    Gold Failed to Rebut the Lead Plaintiff Presumption in Favor of Eden Alpha

Once the Lead Plaintiff presumption attaches, as it does here with Eden Alpha, the process turns adversarial, where competing movants have the opportunity to rebut the presumption with proof of inadequacy and atypicality. *In re Cendant Corp.*, 264 F.3d at 264 ("The first subsection (the one that deals with triggering the lead plaintiff presumption) requires that a movant 'otherwise satisf[y]' Rule 23, but the second (which covers rebutting it) requires 'proof' that the presumptively most adequate plaintiff does not."); *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 2021 WL 148752, at *8 ("While presumptive lead plaintiffs may be rejected on the basis of risks of unique defenses, such risks must be supported by proof and rise above the level of mere speculation.").

Speculation and innuendo are insufficient to rebut the Lead Plaintiff presumption. *OFI*

---

[3] This is necessarily a low burden, as it "would make little sense" if a movant was required to "'prove' that it satisfied Rule 23 in order to get the benefit of the Lead Plaintiff presumption, because that would create a situation in which the only way to rebut the presumption would be to 'disprove' something that the presumptively most adequate plaintiff had already 'proved.'" *See In re Cendant Corp. Litig.*, 264 F.3d at 264.

*Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 403 (D. Del. 2014) ("[Gold] must produce more than speculation to rebut the presumption. The PSLRA is clear that the presumption is rebutted 'only upon proof' that the presumptive lead plaintiff is inadequate and subject to unique defenses.") (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)).

Here, Gold advances two meritless arguments: (A) that Eden Alpha must have standing on *all* claims; and (B) that Eden Alpha's value investing approach is atypical. These arguments are without merit.

**A. Lead Plaintiffs Are Not Required to Have Standing to Pursue Every Possible Claim**

Preliminarily, it is undisputed that Eden Alpha has standing for the Exchange Act claims. That Eden Alpha may lack standing for the Securities Act claims is a nonissue. As the Second Circuit explained, "[n]othing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action. Rather, because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim." *Hevesi*, 366 F.3d at 82 (citing *In re Initial Pub. Offering Sec. Litig.,* 214 F.R.D. at 123).

Even if Eden Alpha lacked standing to pursue the Securities Act claims Eden Alpha will add named plaintiffs[4] to address this alleged issue.

Gold cites *one* outlier California district court[5] case for the proposition that a Lead

---

[4] Investors with standing under the Securities Act have reached out to Eden Alpha's counsel who can be added as named plaintiffs to ensure secure standing on all claims.

[5] Other courts in the Ninth Circuit follow *Hevesi* in assessing Lead Plaintiff motions. *See e.g., Schueneman v. Arena Pharms., Inc.*, 2011 WL 3475380, at *5 (S.D. Cal. Aug. 8, 2011) ("The lead plaintiff does not need to have standing to sue on all causes of action raised in the underlying class complaints. [] Being a lead plaintiff is not the same thing as being a class representative, and additional named plaintiffs may be added later to represent subclasses of plaintiffs with distinct interests or claims.") (citing *Hevesi,* 366 F.3d at 82; *In re CTI Biopharma*

Plaintiff must have standing to pursue all claims[6]—however, that decision is not binding on this Court and is contrary to *Hevesi. Compare Doherty v. Pivotal Software, Inc.*, 2019 WL 5864581, at \*12 (N.D. Cal. Nov. 8, 2019) *with Hevesi*, 366 F.3d at 82.

### B. Eden Alpha's Value Investing is Typical

Gold's argument that Eden Alpha's value investing is somehow problematic is nonsense. Dkt. No. 13 at 8-9, 17-19.

The Supreme Court explained that a "value investor, who believes that certain stocks are undervalued," are not atypical or inadequate:

> Such an investor implicitly relies on the fact that a stock's market price will eventually reflect material information … But to indirectly rely on a misstatement in the sense relevant for the *Basic* presumption, he need only trade stock based on the belief that the market price will incorporate public information within a reasonable period. The value investor also presumably tries to estimate how undervalued or overvalued a particular stock is, and such estimates can be skewed by a market price tainted by fraud.

*Halliburton II*, 573 U.S. at 273. Numerous courts have applied *Halliburton II* to reject the same argument Gold advances here. *E.g., Villella v. Chem. & Mining Co. of Chile Inc.*, 333 F.R.D.

---

*Corp. Sec. Litig.*, 2016 WL 7805876, at \*3 (W.D. Wash. Sept. 2, 2016) ("Even assuming, however, that DAFNA cannot pursue Exchange Act claims due to lack of standing, that does not preclude DAFNA from serving as lead plaintiff.").

[6] The rest of Gold's cases (including the only cases purportedly on this issue within this circuit) do not even advance his basic idea that Lead Plaintiffs *must* have standing on *all* possible claims for appointment. *See* Dkt. No. 13 at 8, 14-15 (citing *DeMaria v. Andersen*, 318 F.3d 170 (2d Cir. 2003) (pre-*Hevesi*; appeal on opinion on motion to dismiss); *In re Initial Pub. Offering Sec. Litig.*, 227 F.R.D. 65, 122 (S.D.N.Y. 2004) *vacated and remanded sub nom. In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24 (2d Cir. 2006), *decision clarified on denial of reh'g sub nom. In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70 (2d Cir. 2007) (appeal on opinion on class certification); *In re Magnum Hunter Res. Corp. Sec. Litig.*, 616 F. App'x 442, 447 (2d Cir. 2015) (appeal on opinion following dismissal for failure to state a claim); *Ho v. Duoyuan Glob. Water, Inc.*, 887 F. Supp. 2d 547, 561 (S.D.N.Y. 2012) (opinion on motion to dismiss); *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1105 (9th Cir. 2013) (out-of-circuit; appeal on opinion on motion to dismiss). Gold cites several cases which merely discuss standing under Section 11 of the Securities Act, which is not at issue. *See* Dkt. No. 13 at 8, 14-16. While Gold implies these cases are problematic for Eden Alpha, they are not as he has standing in this case and the largest financial interest, exactly the type of Lead Plaintiff the Second Circuit expects to be appointed. *Hevesi*, 366 F.3d at 82.

6

39, 57–58 (S.D.N.Y. 2019) (applying *Halliburton II* and rejecting similar "value investor" argument); *see also Howard v. Liquidity Servs. Inc.*, 322 F.R.D. 103, 124–125 (D.D.C. 2017) (same); *Saddle Rock Partners v. Hiatt*, 2000 WL 1182793, at *4 (S.D.N.Y. Aug. 21, 2000) ("sophisticated stockbroker" who purchased "stock based upon its trading history which he thought revealed short term market inefficiencies" was nonetheless typical).

Gold's cases are off-the-mark as they turned on other issues—such as day trading, high-frequency trading, options specialized trading, shorting the relevant stock, and submitting "sloppy court submissions", or "indecipherable financial statements". *See* Dkt. No. 13 at 8; *Rodriguez v. DraftKings Inc.*, 2021 WL 5282006, at *10-11 (S.D.N.Y. Nov. 12, 2021) (rejecting Lead Plaintiff candidate with "sloppy court submissions" and who was a day-treader); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 436-37 (E.D. Va. 2000) (rejecting Lead Plaintiff candidate which "submitted a conclusory affidavit and a collection of indecipherable financial statements" instead of specific transactions and which "specialize[d] in options trading" with "transactions far beyond the scope of what a typical investor contemplates."); *In re Bank One S'holders Class Actions*, 96 F. Supp. 2d 780, 783 (N.D. Ill. 2000) (rejecting Lead Plaintiff candidate which "engaged in extensive daytrading, first shorting Bank One stock (presumably because it was regarded as overvalued at market price)").

In short, Gold has failed to submit the requisite proof that Eden Alpha is inadequate or atypical, and thus Eden Alpha should be appointed Lead Plaintiff.

### III.    Co-Lead Plaintiff and Co-Lead Counsel Are Unnecessary

Preliminarily, Gold's alternative request to serve as Co-Lead Plaintiff and his chosen law firm to serve as Co-Lead Counsel is an implicit admission that his adequacy and typicality attacks against Eden Alpha are weak. That said, Co-Lead Plaintiff and Co-Lead Counsel are

unnecessary for a case like this. Unlike Gold's cases on this point this case features no extraordinary circumstances. This case is not a multi-billion dollar case. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 400 (S.D.N.Y. 2004). This case does not include Securities Act claims based on unregistered or restricted stock gained from mergers that open market purchasers could not readily access while the Exchange Act claims were only brought by open market purchasers. *In re Peregrine Sys., Inc. Sec. Litig.*, 2002 WL 32769239, at *8 (S.D. Cal. Oct. 11, 2002). This case does not include distinct stock and bondholders with diverging interests. *Miller v. Ventro Corp.*, 2001 WL 34497752, at *11 (N.D. Cal. Nov. 28, 2001). Finally, in *Malasky v. IAC/Interactivecorp*, the Court appointed Co-Lead Plaintiffs so that the class would be protected by an institutional investor with a smaller loss as the movant with the largest loss was an individual. 2004 WL 2980085, at *4 (S.D.N.Y. Dec. 21, 2004), *on reconsideration in part,* 2005 WL 549548 (S.D.N.Y. Mar. 7, 2005).

Further, in this Court and others, the recent trend is to reject unrelated groupings seeking Co-Lead Plaintiff and Co-Lead Counsel. *E.g., Chauhan v. Intercept Pharms.*, 2021 WL 235890, at *5 (S.D.N.Y. Jan. 25, 2021); *Jakobsen v. Aphria, Inc.*, 2019 WL 1522598, at *2 (S.D.N.Y. Mar. 27, 2019).

## CONCLUSION

Because Eden Alpha has the largest financial interest and has made a *prima facie* showing of adequacy and typicality it is the presumptive Lead Plaintiff. No party has rebutted the presumption with the requisite proof that Eden Alpha is inadequate or atypical. As such, Eden Alpha's motion should be granted in its entirety and the competing motions should be denied.

Dated: January 20, 2023        Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff
and Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Movant*

9

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim

10