

## The Rosen Law Firm
### INVESTOR COUNSEL

Jacob A. Goldberg, Esq.
jgoldberg@rosenlegal.com

April 22, 2024

**VIA ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
Easter District Court of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re:   *Maschoff v. Polished.com Inc.,* **No. 1:22-cv-06606-NGG-VMS**

Dear Judge Scanlon:

   In this securities class action, alleging violations of the Securities Exchange Act of 1934, 15 U.S.C. §78, *et seq.*, we represent Lead Plaintiff Eden Alpha CI LP ("Plaintiff") and a putative class of purchasers of Polished.com Inc. f/k/a 1847 Goedeker Inc. ("Polished") common stock. Polished filed for Chapter 7 bankruptcy on March 7, 2024.[1] Polished will not reorganize, but instead will liquidate, terminating operations and ceasing to exist.

   We submit this letter-motion, requesting this Court partially lift the PSLRA discovery stay for the limited purpose of Plaintiff's serving a non-party preservation subpoena on the trustee in Polished's bankruptcy ("Trustee"). The scope of the preservation subpoena will be coterminous with the scope of Polished's obligation to preserve documents under the PSLRA before its bankruptcy.[2]

   The PSLRA imposes a discovery stay until and unless a motion to dismiss is denied, stating:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u–4(b)(3)(B).

---

[1] *See In re Polished.com*, No. 24-10353 (D. Del.).
[2] Plaintiff attaches a copy of the proposed preservation subpoena as Ex. 1.

1

**THE ROSEN LAW FIRM, P.A.** ♦ **101 GREENWOOD AVENUE, SUITE 440** ♦ **JENKINTOWN, PA 19046** ♦ **TEL: 215-600-2817** ♦ **FAX: 212-202-3827**

During the discovery stay, however, the PSLRA requires parties to preserve all information relevant to the litigation:

> During the pendency of any stay of discovery pursuant to this paragraph, unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations ... and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

15 U.S.C.A. § 78u-4(b)(3)(C)(i).

Courts in this Circuit routinely lift discovery stays for service of non-party preservation subpoenas. *See In re Smith Barney Transfer Agent Litig.*, 2012 WL 1438241 (S.D.N.Y. Apr. 25, 2012) (authorizing preservation subpoena, "courts have generally permitted plaintiffs in PSLRA actions to issue subpoenas that give specified third parties notice of the action and impose upon them only a duty to preserve certain relevant evidence in their possession.") (quotations and citations omitted); *McBryde-O'Neal v. Polichetti*, 2024 WL 195571 (S.D.N.Y. Jan. 17, 2024) (issuing preservation subpoena because non-party had no obligation to preserve documents or evidence); *In re Refco, Inc.*, 2006 WL 2337212 (S.D.N.Y. Aug. 8, 2006) (partially lifting PSLRA stay to allow plaintiff to serve preservation subpoenas on non-parties).

Plaintiff informed both the Trustee and his counsel of the obligation the PSLRA imposes to preserve information. On March 21, 2024, Plaintiff emailed a letter to the Trustee,[3] informing him of this action and the law mandating information preservation and requesting that the trustee preserve all Polished information.[4] Without any context or investigation, the Trustee responded, demanding $100,000.[5] On March 22, 2024, again, before his counsel had entered an appearance, the Trustee transmitted another email to Plaintiff, chastising for communicating with him directly. As a matter of substance, the Trustee claimed to be attempting to preserve information "as best humanly possible."[6]. Subsequently, in response to the Trustee's counsel's invitation to discuss Plaintiff's March 21, 2024, letter, Plaintiff provided times to discuss the Trustee's preservation obligation. After the initial invitation, despite several emails attempting to engage,[7] the Trustee's counsel ignored Plaintiff, not responding to any of these communications. Counsel for the Trustee finally reached out to Plaintiff's counsel on April 22, 2024. Plaintiff's counsel informed Trustee's counsel that Plaintiff would file this letter-motion. No resolution on preservation of documents was reached.

---

[3] Plaintiff attaches and incorporates herein by reference the March 21, 2024, letter as Exhibit 2.

[4] As of that date, March 21, 2024, no counsel had entered an appearance on behalf of the trustee.

[5] *See* Ex. 3.

[6] *See* Ex. 3.

[7] Plaintiff transmitted emails to the Trustee's counsel about the Trustee's preservation obligation on March 22, 2024, March 25, 2024, April 4, 2024, and April 16, 2024. *See* Ex. 4.

THE ROSEN LAW FIRM, P.A. ♦ 101 GREENWOOD AVENUE, SUITE 440 ♦ JENKINTOWN, PA 19046 ♦ TEL: 215-600-2817 ♦ FAX: 212-202-3827

The PSLRA allows for lifting the discovery stay where the request is "particularized," i.e., directed at specific categories of evidence, and "necessary to prevent undue prejudice to the requesting party." *Polichetti*, 2024 WL 195571 at *2 (quotation omitted). Undue prejudice in this context means "improper or unfair treatment amounting to something less than irreparable harm." *Id.*, quoting *In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078 at *2 (S.D.N.Y. Jun. 26, 2006).

Plaintiff here meets both of these requirements. The preservation request is "particularized," seeking preservation of only those documents the PSLRA requires a party to preserve absent a bankruptcy. Further, absent a preservation subpoena, the trustee might delete some or all of the documents to which Plaintiff would be entitled in discovery. In *In re Nat'l Century Fin. Enters., Inc. Fin. Inv. Litig.*, 347 F. Supp. 2d 538, 542 (S.D. Ohio 2004), the court issued a non-party preservation subpoena in almost identical services, where the third party was "undergoing Chapter 11 bankruptcy and will likely be dissolved" and "the documents held … will likely be destroyed." The court ruled such destruction would likely cause "actual prejudice." These cases support issuing the preservation subpoena Plaintiff requests.

Polished's Chapter 7 bankruptcy, in which Polished and its assets will be liquidated, presents the real risk that documents will be destroyed, and that Plaintiff "will be left to pursue its action against defendants who no longer have anything or at least as much to offer." *In re WorldCom, Inc. Sec. Litig.*, 234 F.Supp.2d 301, 306 (S.D.N.Y. 2002). Polished's bankruptcy, therefore, might leave Plaintiffs with no discovery even after defeating Defendants' motions to dismiss.[8] This outcome would be both "unfair" and "improper," and result in "undue prejudice to Plaintiff.[9]

For the foregoing reasons, this Court should issue the preservation subpoena.

Respectfully,

/s/ *Jacob A. Goldberg*

Jacob A. Goldberg

cc:     All counsel of record (via ECF)
        Colin R. Robinson (counsel for Trustee) (via email)

---

[8] Defendants served their motions to dismiss on Plaintiff on April 19, 2024.
[9] Plaintiff reached out to counsel for the Individual Defendants on April 18, 2024. As of the time of filing, defense counsel had not conveyed the Individual Defendants' position(s) on this motion.

THE ROSEN LAW FIRM, P.A. ♦ 101 GREENWOOD AVENUE, SUITE 440 ♦ JENKINTOWN, PA 19046 ♦ TEL: 215-600-2817 ♦ FAX: 212-202-3827